FIN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| FRANKLIN SMITH, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 5:23-CV-220-H-BQ |
| § | |
| CENTRAL INTELLIGENCE AGENCY, et al., § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

On September 19, 2023, pro se Plaintiff Franklin Smith filed this purported 42 U.S.C. § 1983 action. ECF No. 1. He did not, however, pay the filing fee or submit an application to proceed *in forma pauperis* (IFP). The Court advised Smith of this deficiency, among others, and gave him two opportunities to cure it, but he has failed to do so. Because Smith has not complied with Court orders and has failed to prosecute this case, the undersigned recommends that the United States District Judge dismiss this action under Rule 41(b) of the Federal Rules of Civil Procedure.[1]

**I.   Background**

Smith filed this action on September 19, 2023, and, under *Special Order 3-251*, this case was automatically referred to the undersigned magistrate judge. ECF Nos. 1, 2. The undersigned entered an order identifying two deficiencies in Smith's filing: "first, the Complaint does not meet the minimum pleading requirements of Federal Rule of Civil Procedure 8(a); second, [Smith] did not pay the $402.00 filing fee or file a signed Application to Proceed" IFP. ECF No. 4, at 1. The

---

[1] Not all parties have consented to proceed before a magistrate judge.

Court directed Smith to comply with the order within twenty-one days (i.e., December 26, 2023) and cautioned that his failure to do so could "result in a recommendation that this action be dismissed for failure to prosecute in accordance with Federal Rule of Civil Procedure 41(b)." *Id.* at 2 (emphasis omitted).

Smith did not comply. So, the Court sent a Second Order and Notice of Deficiency, which directed Smith to cure the deficiencies no later than January 25, 2024. ECF No. 5, at 1. The Court again admonished Smith that his failure to comply would result in a recommendation of dismissal under Rule 41(b). *Id.* at 2. The Clerk mailed both notices to the address on file with the Court. *See* "Clerk's Notice of delivery," dated Dec. 4, 2023, and Jan. 3, 2024. On January 30 and February 2, 2024, respectively, both notices of deficiency were returned by the United States Postal Service. ECF Nos. 6, 7. The envelopes were marked, "Return to Sender," "Unclaimed," and "Unable to Forward." ECF Nos. 6, 7.

As of the date of these findings, conclusions, and recommendation, Smith has not paid the filing fee, submitted an IFP application, or filed any other type of notice or pleading, nor has he updated his address with the Court. In this posture, the Court can only conclude that Smith no longer wishes to pursue his claims.

## II.   Involuntary Dismissal

A court has inherent authority under Rule 41(b) of the Federal Rules of Civil Procedure to *sua sponte* dismiss an action for want of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–33 (1962); *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997) (per curiam). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link*, 370 U.S. at 630).

Because Smith has not paid the filing fee or filed an IFP application, this case cannot proceed. Judges in this district routinely dismiss plaintiffs' actions for failing to pay the fee, file an IFP application, or otherwise prosecute their cases. *See, e.g., Ammerman v. Alien Prop. Custodian Representative*, No. 3:23-CV-267-C-BH, 2023 WL 2976567, at *1 (N.D. Tex. Mar. 21, 2023) (concluding dismissal under Rule 41(b) was warranted after plaintiff failed to comply with two notices of deficiency advising him that he needed to pay the filing fee or submit an IFP application), *R. & R. adopted by* 2023 WL 2975163 (N.D. Tex. Apr. 17, 2023); *Bekendam v. Kimberly Gray Media Inc.*, No. 3:21-CV-578-C-BH, 2021 WL 8014659, at *1 (N.D. Tex. May 24, 2021) (recommending dismissal of plaintiff's complaint after she failed to pay the filing fee or file an IFP application), *R. & R. adopted by* 2021 WL 8014524 (N.D. Tex. June 14, 2021); *see also Adams v. Thomas*, No. 1:19-CV-00208-BU, 2022 WL 877118, at *1–2 (N.D. Tex. Feb. 8, 2022) (finding plaintiff's failure to update his address, which resulted in the order to complete a questionnaire being returned undeliverable, necessitated dismissal of the case under Rule 41(b)), *R. & R. adopted by* 2022 WL 875981 (N.D. Tex. Mar. 24, 2022). As such, the district judge should dismiss this case for want of prosecution.

### III.   Recommendation

For the foregoing reasons, the undersigned **RECOMMENDS** that the United States District Judge dismiss Smith's Complaint without prejudice for want of prosecution in accordance with Rule 41(b) of the Federal Rules of Civil Procedure, unless Smith either pays the filing fee or files a fully completed IFP application within the time for objections or by another deadline set by the Court.

## IV. Right To Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: February 12, 2024.

_____
D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE